# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:14-cr-89-002 |
| v. ) | |
| ) | Judges Mattice/Steger |
| COURTNEY PAULETTE JONES ) | |

## AMENDED MEMORANDUM AND ORDER

COURTNEY PAULETTE JONES ("Defendant") came before the Court for an initial appearance on February 5, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition") [Doc. 244].

After being sworn in due form of law, Defendant was informed of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court **APPOINTED** attorney Erin Rust of Federal Defender Services of Eastern Tennessee Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition and had an opportunity to review that document with her attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of her counsel. In addition, AUSA Terra Bay explained to Defendant the specific charges contained in the Petition. Defendant acknowledged she understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with her counsel, Defendant waived the preliminary hearing but requested a detention hearing. At Defendant's counsel's request, the detention hearing was scheduled on **Thursday, February 7, 2019 at 3:00 p.m.**

The Court conducted the detention hearing at the scheduled time on February 7, 2019. The Government was represented by AUSA Joe DeGaetano, while Defendant was represented at the hearing by her counsel, Erin Rust. The Government relied upon the testimony of Supervising United States Probation Officer Crystal L. Johnson as well as the sworn Petition executed by Officer Johnson [Doc. 244]. The Petition includes a recitation of the various violations of conditions of supervision committed by Defendant (*i.e.*, defendant shall not commit

another federal, state or local crime; illegally possess or use a controlled substance; defendant shall not purchase, possess, use, distribute or administer any controlled substance except as prescribed by a physician; defendant shall not associate with any persons engaged in criminal activity unless granted permission to do so by the probation officer). Defendant's counsel, Erin Rust, proffered evidence on behalf of Defendant. Counsel for both sides were given an opportunity to argue for and against and detention.

The undersigned finds that Defendant was arrested by the Marion County Sheriff's department on January 3, 2019, and charged with—among other things—felony possession of methamphetamine. On January 9, 2019, Defendant tested positive for marijuana and methamphetamine and admitted to using both substances on January 6, 2019. Defendant also admitted to her probation officer that she has been using methamphetamine intravenously for two months before she was taken into custody.

The Court finds that probable cause exists to support the violations of conditions of supervised release outlined in the Petition. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that she does not pose a danger to any other person or to the community and that she is not a flight risk. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge Mattice a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before United States District Judge Mattice.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE